RECEIPT # 55848
AMOUNT $ 150-
SUMMONS ISSUED 3
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE 5-12-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------x

ALICE KIEFT,

        Plaintiff,

        v.

AMERICAN EXPRESS COMPANY,
AMERICAN EXPRESS COMPANY LONG
TERM DISABILITY PLAN, and
AMERICAN EXPRESS COMPANY LIFE
INSURANCE PLAN,

        Defendants.

-----------------------------------------------------------x

CIVIL ACTION NO.:

**04-10949WGY**

MAGISTRATE JUDGE Cohen

**COMPLAINT
AND JURY DEMAND**

        Plaintiff, ALICE KIEFT, by her attorney, STEPHEN L. RAYMOND, ESQ., as and for her Complaint against the defendants, AMERICAN EXPRESS COMPANY ("AMEX"), AMERICAN EXPRESS COMPANY LONG TERM DISABILITY PLAN (hereinafter "LTD PLAN"), and AMERICAN EXPRESS COMPANY LIFE INSURANCE PLAN ("Life Insurance Plan"), alleges as follows:

### JURISDICTION AND VENUE

        1.    Jurisdiction of the court is based upon 29 U.S.C. §§1132(e)(1) and 1132(f) which give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee benefit plan, which for purposes of the instant case, grants to participants Long Term Disability benefits and Life Insurance benefits. In addition, this action may be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

        2.    Supplemental jurisdiction of the Court for Plaintiff's claim under the AMEX

Salary Continuation Plan is based upon 28 U.S.C. § 1367.

3. The LTD Plan and Life Insurance Plan contain provisions for administrative or internal appeal of a denial of benefits. Plaintiff has provided proof of claim with respect to these plans, and having received no decision on her claims, she has deemed her claims denied; she has exhausted her remedies under these provisions, and, therefore, this matter is properly before this court for de novo review under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

4. Plaintiff at all relevant times, was a resident of Haverhill, Massachusetts.

5. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) which allows an action under Title I of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.

6. With respect to Plaintiff's claims, the LTD Plan, Life Insurance Plan, and AMEX Salary Continuation Plan were administered in, and the breach occurred within, the District of Massachusetts.

7. The Employee Benefits Administration Committee of AMEX, Plaintiff's employer, is the Plan Administrator of the LTD Plan and Life Insurance Plan as that term is defined by ERISA. AMEX maintains its address at World Financial Center, 200 Vesey Street, New York, New York 10285-3512. The Salary Continuation Plan of AMEX is a payroll practice, and administered as such, is not subject to ERISA. The Plans are insured and administered in some part by Metropolitan Life Insurance Company ("MetLife").

**NATURE OF ACTION**

8. Plaintiff's claims seek a declaration that Plaintiff is entitled to disability income

benefits pursuant to an employee benefit plan providing for long term disability benefits, and life insurance waiver of premium benefits sponsored and administered by Plaintiff's employer, AMEX. These claims arise under employee benefit plans, established and maintained by an employer for the benefit of its employees; the Employee Retirement Income Security Act of 1974 ("ERISA")(29 U.S.C. §1001 et seq.) applies to these claims. Plaintiff also seeks payment of disability benefits under the AMEX Salary Continuation Plan. This plan was administered as a payroll practice by AMEX, and as such, the provisions of ERISA do not apply to this claim, and it is therefore before this Court as a supplemental claim and contract cause of action.

## THE PARTIES

9.  Plaintiff, Ms. Kieft, is a 54 year-old woman who was born on February 23, 1950.

10. Defendant, AMEX, is Plaintiff's employer and administrator of its Salary Continuation Plan.

11. Defendant, LTD Plan is an Employee Benefit Plan as defined by ERISA.

12. Defendant, Life Insurance Plan is an Employee Benefit Plan as defined by ERISA.

## STATEMENT OF FACTS

13. Prior to, and including October 24, 2002, Plaintiff was employed by AMEX, as a "floating" Travel Agent, which required that she travel to different American Express offices as needed.

14. For a period up to and including October 24, 2002, Plaintiff exchanged her work

for salary and certain additional benefits provided by her employer, AMEX. As part of her compensation package, AMEX promised Salary Continuation and published the guidelines for the administration of Salary Continuation in its Salary Continuation Plan. The Salary Continuation Plan promised payments were Plaintiff to become unable to work due to a "disability." The benefit was to provide continuation for a maximum of 26 weeks, with 100% of salary for the first four weeks, plus each remaining sick day, and 70% of salary thereafter. The Salary Continuation Plan defines "Disability" or "Disabled" as follows: "Due to an injury or sickness, you require the regular care and attendance of a doctor and you are unable to perform each of the material duties of your regular job." (Salary Continuation Plan at 5).

15. For a period up to and including October 24, 2002, Plaintiff, together with other active full time employees, was covered as a participant under the LTD Plan sponsored, funded, and administered by Plaintiff's employer. The Plan provides for payment of monthly income benefits to participants who become Disabled. Payments under the Plan begin after a six month elimination period. The monthly benefit is determined based on a set percentage of pre-disability monthly earnings which may be reduced by income from specified other sources as these terms are identified in the Plan. The other sources include Social Security Insurance benefits. In Plaintiff's case, she would be entitled to 65% of pre-disability salary.

16. The LTD Plan defines "Total Disability" in relevant part, as follows:

> A disability caused by sickness, disease, injury, pregnancy or related mental impairment for which you are under the care of a doctor.
>
> During the first two years of Long Term Disability payments, because of sickness or injury, you're unable to perform any and every duty of your regular job. Or, you're unable to perform all of the material duties of your job on a full-time basis, but are performing at least one of the material duties of the job or any other gainful work on a part-time or full-time basis.

(LTD Summary Plan Description at 8).

17. The LTD Plan also provides for a maximum LTD benefit period to the participant's age 65 when she becomes disabled prior to reaching age 60.

18. Plaintiff ceased work on October 24, 2002, as a result of multiple physical symptoms she experienced which prevented her from performing the material duties of her regular occupation. Ms. Kieft has been disgnosed as suffering from, *inter alia*, Rheumatoid Arthritis, Psoriatic Arthritis, and Fibromyalgia.

19. Subsequent to her onset of disability, Plaintiff applied for benefits under her employer's Salary Continuation Plan by submitting a complete claim, including medical information from her Attending Physician.

20. MetLife, administering the Salary Continuation benefit on behalf of AMEX, by letter dated December 21, 2002, informed Plaintiff that her claim for benefits had been approved through January 2, 2003.

21. By letter dated February 11, 2003, MetLife denied Plaintiff's continued claim for Salary Continuation benefits on behalf of AMEX. Thereafter, on June 16, 2003, counsel for Plaintiff forwarded a letter setting forth additional support for Plaintiff's claim. This was followed thereafter by an additional letter, dated August 22, 2003, perfecting Plaintiff's second level of appeal under the Salary Continuation Plan. This letter enclosed two Physical Residual Functional Capacity Questionnaires completed by Plaintiff's physicians, which noted limitations consistent with the plan's definition of "disabilty."

22. AMEX upheld its denial of benefits under the Salary Continuation Plan by letter dated October 6, 2003, claiming "there was no objective information in the records indicating she was unable to perform the essential functions of her job from January 2, 2003 and beyond."

23. In addition to providing administration services in connection with AMEX's Salary Continuation Plan, MetLife is the insurer and claim administrator of the LTD Plan.

24. Plaintiff's counsel's letter to MetLife of June 16, 2003, specifically provided the LTD Plan with notice of claim regarding her claim for long term diability benefits.

25. When no decision had been made by AMEX or MetLife on Plaintiff's claim for LTD benefits, by letter dated August 22, 2003, Plaintiff's counsel incorporated by reference all of the medical records submitted in connection her claim for Salary Continuation, as proof of claim for purposes of her claim for benefits under the LTD Plan, and her claim for a total disability waiver of premium under the Life Insurance Plan.

26. Neither the LTD Plan, nor Life Insurance Plan (through AMEX or MetLife) has ever addressed these claims by Plaintiff, or in any way responded to Plaintiff or her counsel on this subject.

27. Plaintiff has deemed her claims under the LTD Plan and Life Insurance plan denied, and she is therefore properly before this Court for de novo review.

28. Since October 24, 2002, the Plaintiff has satisfied the LTD Plan's definition of disability: due to her medical condition, she has been unable to perform any and every duty of her regular job.

29. Plaintiff has remained Totally Disabled in accordance with the terms and conditions of the LTD Plan, from October 24, 2002, through the date of this action.

30.   ERISA mandates, in relevant part:

> [E]very employee benefit plan shall–
>
> \*       \*       \*
>
> (2)   afford a reasonable opportunity to any participant whose claim for benefits has been denied a full and fair review by the appropriate named fiduciary of the decision denying the claim.

ERISA § 503(2); 29 U.S.C. § 1133(2).

31.   The regulations, promulgated to ensure the protections afforded by ERISA § 503 to participants of employee benefit plans, further provide that every plan's benefit denial review procedure provide that a claimant may submit issues and comments in writing, to be considered by the decision-maker. *See* 29 CFR § 2560.503-1(g)(1)(iii).

32.   Despite Plaintiff's providing notice of claim, and her subsequent submission of medical evidence in support of her claim, defendant, LTD Plan, has refused to acknowledge the claim, and has thereby denied her a full and fair review of her claim.

### AS AND FOR PLAINTIFF'S FIRST CLAIM: FOR SALARY CONTINUATION BENEFITS

33.   Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 32, *supra*, as if fully set forth at length.

34.   As part and parcel of Plaintiff's employment compensation package, defendant, AMEX provided a written benefit called a Salary Continuation Plan.

35.   While an employee benefit plan, the Salary Continuation Plan is administered by AMEX as a "payroll practice," and is therefore excluded from the coverage of ERISA.

36. Under the Salary Continuation Plan, AMEX has promised to pay specified benefits to its covered employee during a period of "disability."

37. Plaintiff submitted her claim for benefits under the Plan, and was found to have met the definition of "disability," under the terms and conditions of the Salary Continuation Plan from October 24, 2002, through January 2, 2003.

38. Plaintiff's claim for benefits was denied after January 2, 2003, despite her provision of supportive medical documentation. Plaintiff exhausted all appeals prescribed by the terms of the Salary Continuation Plan.

39. Plaintiff remained "disabled" under the terms and conditions of the Salary Continuation Plan, and is entitled to benefits for the Plan's maximum duration. Plaintiff has been injured in that she has not received her salary-replacement benefits; and she has suffered additional financially-related consequential damages.

40. Defendant, AMEX breached the terms and conditions of the Salary Continuation Plan by failing to properly apply it, and is liable to Plaintiff in contract for the full value of the additional benefits, plus such additional compensatory and consequential damages as may be determined by this Court.

### AS AND FOR PLAINTIFF'S SECOND CLAIM: FOR LONG TERM DISABILITY BENEFITS

41. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 40, *supra*, as if fully set forth at length.

42. Fiduciaries have a statutory obligation, in performing their duties, to act prudently and solely in the interest of plan participants and beneficiaries.

43. Plaintiff has not been provided with a full and fair review of her claim for benefits under the terms and conditions of the Plan, and in accordance with the provisions of ERISA.

44. Fiduciaries also have a statutory duty to fairly interpret and construe the terms of the Plan and thereby make decisions in accordance with Plan language.

45. Defendant, LTD Plan has simply ignored Plaintiff's claim, and as such, it ignores a claim supported by medical evidence, and fails to correctly apply the language of the LTD Plan.

46. Defendant, LTD Plan's inaction in the instant claim was unreasonable, arbitrary and capricious and simply disregarded all of the evidence submitted with Plaintiff's claim.

47. Plaintiff is disabled within the terms of the LTD Plan maintained for the benefit of the employees of AMEX. Plaintiff is entitled to the receipt of monthly Long Term Disability benefits pertaining to her disability from (approximately) April 24, 2003, and continuing for the time allowed under the LTD Plan.

### AS AND FOR PLAINTIFF'S THIRD CLAIM: FOR LIFE INSURANCE CONTINUATION

48. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 47, *supra*, as if fully set forth at length.

9

49. Fiduciaries have a statutory obligation, in performing their duties, to act prudently and solely in the interest of plan participants and beneficiaries.

50. The Life Insurance Plan provides, in relevant part:

> If, while covered under the Life Insuarnce Plan, you become totally disabled, you may qualify for a continuation of coverage. Should you qualify, your life insurance contributions will be waived but coverage will continue. In order to qualify, you must submit proof of your total disability from the start date of your disability, up to the date your proof of disability is accepted by MetLife.
>
> \*         \*         \*
>
> A disability caused by sickness, disease, injury, pregnancy or related mental impairment for which you are under the care of a doctor.
>
> During the first two years of Long Term Disability payments, because of sickness or injury, you're unable to perform any and every duty of your regular job. Or, you're unable to perform all of the material duties of your job on a full-time basis, but are performing at least one of the material duties of the job or any other gainful work on a part-time or full-time basis.

(Life Insurance Plan Summary Plan Description at 14).

51. Plaintiff's claim for waiver of premium on her life insurance due to disability has been ignored by the Life Insurance Plan and by MetLife.

52. Fiduciaries also have a statutory duty to fairly interpret and construe the terms of the Life Insurance Plan and thereby make decisions in accordance with Plan language.

53. Defendant, Life Insurance Plan's inaction concerning Plaintiff's claim for waiver of premiums simply ignores the medical evidence and fails to correctly apply the language of the Plan.

54. Defendant, Life Insurance Plan's inaction in the instant claim was unreasonable, arbitrary and capricious and ignored the evidence submitted with Plaintiff's claim.

10

55.     Plaintiff is totally disabled within the terms of the Life Insurance Plan maintained for the benefit of the employees of AMEX. Plaintiff is entitled to the receipt of life insurance coverage as determined by the terms of the Life Insurance Plan, and continuing for the time allowed under the Life Insurance Plan.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues related to her Salary Continuation contract claim, which are triable as of right.

**WHEREFORE,** Plaintiff prays for the following relief:

A. That the Court find that defendant, AMEX, breached its promise relative to the Salary Continuation Plan, and that Plaintiff is "disabled" under its terms and conditions and entitled to prescribed benefits from January 3, 2003, and continuing through said Plan's maximum benefit period.

B. That the Court award all compensable and consequential damages related to defendant, AMEX's breach of the Salary Continuation Plan.

C. That the Court determine and then declare that under the terms of the LTD Plan, that the Plaintiff's total disability continued from (and included) October 24, 2002, within the term of coverage, and that she was and continues to be disabled within the Plan's provisions.

D. That after making such a determination, the Court ORDER the Defendant, to provide all disability benefits to which Plaintiff is entitled under the terms and provisions of said LTD Plan, from approximately April 24, 2003, through the date of its determination.

E. That the Court ORDER the claim thereafter remanded to defendant, LTD Plan, for its future handling consistent with the terms of the Plan.

F. That the Court determine and then declare that under the terms of the Life Insurance Plan, that the Plaintiff's total disability continued from (and included) October 24, 2002, within the term of coverage, and that she was and continues to be disabled within the Plan's provisions.

G. That after making such a determination, the Court ORDER the Defendant, to continue life insurance coverage in force, under the terms and provisions of said Life Insurance Plan, from approximately April 24, 2003, through the date of its determination.

H. That the Court ORDER the claim thereafter remanded to defendant, Life Insurance Plan, for its future handling consistent with the terms of the Plan.

I. That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. §1132(g), as well as interest, costs, and disbursements.

J. That the Court award Plaintiff such further, necessary, or proper relief as it deems just and equitable in the circumstances.

Dated:   Haverhill, MA
         May 8, 2004

By her attorney,

LAW OFFICE OF
STEPHEN L. RAYMOND, ESQ.

By: _____
Stephen L. Raymond
3 Washington Square, Ste. 206
Haverhill, MA  01830
(978) 372-6590
BBO #567753