UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 04-10949-NMG

```
_____
                                   )
ALICE KIEFT,                       )
     Plaintiff                     )
                                   )
v.                                 )
                                   )
AMERICAN EXPRESS COMPANY,          )
ET AL.,                            )
     Defendants                    )
_____)
```

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

The defendants hereby respond to the introductory and numbered paragraphs of the Plaintiff's Amended Complaint and Jury Demand ("complaint") as follows.

The defendants state that the opening paragraph of the complaint states a characterization of the complaint as to which no response is necessary.

1.  The defendants state that the allegations contained in paragraph 1 of the complaint state a legal conclusion as to which no response is necessary.

2.  The defendants state that the allegations contained in paragraph 2 of the complaint state a legal conclusion as to which no response is necessary.

3.  The defendants admit that the American Express Long Term Disability (LTD) Benefit Plan ("LTD Plan") and the American

Express Life Insurance Plan ("Life Insurance Plan") contain provisions for appeal of a denial of claims. The defendants deny the remaining allegations contained in paragraph 3 of the complaint.

4. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5. The defendants state that the allegations contained in paragraph 5 of the complaint state a legal conclusion as to which no response is necessary.

6. The defendants deny the allegations contained in paragraph 6 of the complaint.

7. The defendants admit that the Employee Benefits Administration Committee of American Express Company ("EBAC") was, at all times material to the plaintiff's complaint, the plan administrator of the LTD Plan and the Life Insurance Plan, and that the address of EBAC is World Financial Centre, 200 Vesey Street, New York, New York. The defendants admit that, at all times material to plaintiff's complaint, the Salary Continuation Benefits policy ("SCP") was a payroll practice and not subject to ERISA. The defendants admit that, at all times material to plaintiff's complaint, Metropolitan Life Insurance Company ("MetLife") was the claims administrator for the SCP, the LTD Plan, and the Life Insurance Plan. The defendants admit

that, at all times material to plaintiff's complaint, MetLife insured the LTD Plan and the Life Insurance Plan under group policies issued to the American Express Company. The defendants deny the remaining allegations of paragraph 7 of the complaint.

8. The defendants state that the allegations contained in paragraph 8 state conclusions of law as to which no response is necessary.

9. Based upon information and belief, the defendants admit that Ms. Kieft was born in 1950.

10. The defendants admit that, at all times material to plaintiff's complaint, American Express Company employed the plaintiff. The defendants deny the remaining allegation of paragraph 10 of the complaint.

11. The defendants admit that the LTD Plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

12. The defendants admit that the Life Insurance Plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

13. The defendants admit that plaintiff was employed as a Field Staffing Support Specialist by American Express at all times material to plaintiff's Complaint.

14. The defendants admit that the plaintiff obtained certain benefits from the SCP provided by the American Express

Company. Further answering, the defendants state that to the extent the allegations contained in paragraph 14 mischaracterize or fail to include all facts associated with the SCP, the SCP speaks for itself and therefore deny the remaining allegations contained in paragraph 14 of the complaint.

15. The defendants admit that the plaintiff was a participant in the LTD Plan. Further answering, the defendants state that to the extent the allegations contained in paragraph 15 mischaracterize or fail to include all facts associated with the LTD Plan, the LTD Plan speaks for itself and therefore deny the remaining allegations contained in paragraph 15 of the complaint. The defendants specifically deny that the plaintiff is entitled to any benefits under the LTD Plan.

16. The defendants state that to the extent the allegations contained in paragraph 16 fail to include all facts associated with the LTD Plan, the LTD Plan speaks for itself and therefore deny the allegations contained in paragraph 16 of the complaint.

17. The defendants state that to the extent the allegations contained in paragraph 17 fail to include all facts associated with the LTD Plan, the LTD Plan speaks for itself and therefore deny the allegations contained in paragraph 17 of the complaint.

18. The defendants admit that plaintiff stopped work on or about October 23, 2002, but specifically deny that her physical symptoms prevented her from performing the material duties of her regular occupation. The defendants admit that medical records submitted by plaintiff contain notes suggesting a history of Rheumatoid Arthritis, Psoriatic Arthritis and Fibromyalgia. The defendants deny the remaining allegations of paragraph 18 of the complaint.

19. The defendants admit only that plaintiff applied for benefits under the SCP and otherwise deny the remaining allegations of paragraph 19 of the complaint.

20. The defendants state that to the extent the allegations of paragraph 20 mischaracterize or fail to include all facts associated with the correspondence, MetLife's correspondence speaks for itself and therefore deny the allegations contained in paragraph 20 of the complaint.

21. The defendants state that to the extent the allegations of paragraph 21 mischaracterize or fail to include all facts associated with correspondence and documents between plaintiff, counsel for plaintiff, and MetLife, such correspondence speaks for itself and therefore deny the allegations contained in paragraph 21 of the complaint.

22. The defendants state that to the extent the allegations of paragraph 22 mischaracterize or fail to include

all facts associated with correspondence from American Express Company, such correspondence speaks for itself and therefore deny the allegations contained in paragraph 22 of the complaint.

23. The defendants admit that at all times material to plaintiff's complaint, MetLife insured the LTD Plan under a group policy issued to the American Express Company, and that MetLife was the claims administrator of the LTD Plan.

24. The defendants deny the allegations contained in paragraph 24 of the complaint.

25. The defendants state that to the extent the allegations of paragraph 25 mischaracterize or fail to include all facts associated with correspondence from plaintiff's counsel, such correspondence speaks for itself and therefore deny the allegations contained in paragraph 25 of the complaint.

26. The defendants deny the allegations contained in paragraph 26 of the complaint.

27. The defendants state that the allegations contained in paragraph 27 state conclusions of law as to which no response is necessary.

28. The defendants deny the allegations contained in paragraph 28 of the complaint.

29. The defendants deny the allegations contained in paragraph 29 of the complaint.

30. The defendants state that the allegations contained in paragraph 30 state conclusions of law as to which no response is necessary.

31. The defendants state that the allegations contained in paragraph 31 state conclusions of law as to which no response is necessary.

32. The defendants deny the allegations contained in paragraph 32 of the complaint.

33. Defendants repeat their responses to paragraphs 1 through 32 above.

34. The defendants admit only that at all times material to plaintiff's complaint, American Express Company provided certain Salary Continuation benefits to its employees. Defendants deny all remaining allegations of paragraph 34 of the complaint.

35. The defendants state that the allegations of paragraph 35 state conclusions of law to which no response is required.

36. The defendants state that to the extent the allegations of paragraph 36 mischaracterize or fail to include all facts associated with the SCP, the SCP speaks for itself and therefore deny the allegations contained in paragraph 36.

37. The defendants admit only that the plaintiff was provided with Salary Continuation benefits up to January 2,

2003. The defendants deny the remaining allegations contained in paragraph 37 of the complaint.

38. The defendants admit only that plaintiff's claim for Salary Continuation benefits was denied after January 2, 2003. The defendants deny the remaining allegations contained in paragraph 38 of the complaint.

39. The defendants deny the allegations contained in paragraph 39 of the complaint.

40. The defendants deny the allegations contained in paragraph 40 of the complaint.

41. Defendants repeat their responses to paragraphs 1 through 40 above.

42. The defendants admit only that at all times material to plaintiff's complaint, American Express Company provided certain Salary Continuation benefits to its employees. Defendants deny all remaining allegations of paragraph 42 of the complaint.

43. The defendants state that the allegations of paragraph 43 state conclusions of law to which no response is required.

44. The defendants state that to the extent the allegations of paragraph 44 mischaracterize or fail to include all facts associated with the SCP, the SCP speaks for itself and therefore deny the allegations contained in paragraph 44.

45. The defendants admit only that the plaintiff was provided with Salary Continuation benefits up to January 2, 2003. Defendants deny the remaining allegations of paragraph 45 of the complaint.

46. The defendants admit only that plaintiff's claim for Salary Continuation benefits was denied after January 2, 2003. The defendants deny the remaining allegations contained in paragraph 46 of the complaint.

47. The defendants deny the allegations contained in paragraph 47 of the complaint.

48. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the complaint, and deny the same.

46(2nd). In response to the second paragraph numbered 46 in the Amended Complaint, the defendants deny the allegations contained therein.

47(2nd). In response to the second paragraph numbered 47 in the Amended Complaint, the defendants deny the allegations contained therein.

48(2nd). In response to the second paragraph numbered 48 in the Amended Complaint, the defendants deny the allegations contained therein.

49. In response to paragraph 49, the defendants repeat their responses to paragraphs 1-48 above.

50. In response to paragraph 50 in the Amended Complaint, the defendants state that the allegations state conclusions of law to which no response is required.

51. The defendants deny the allegations contained in paragraph 51 of the complaint.

52. The defendants state that the allegations of paragraph 52 state conclusions of law to which no response is required.

53. The defendants deny the allegations contained in paragraph 53 of the complaint.

54. The defendants deny the allegations contained in paragraph 54 of the complaint.

55. The defendants deny the allegations contained in paragraph 55 of the complaint.

56. In response to paragraph 56 of the complaint, defendants repeat their responses to paragraphs 1-55 above.

57. The defendants state that the allegations of paragraph 57 state conclusions of law to which no response is required.

58. The defendants state that to the extent the allegations contained in paragraph 58 mischaracterize or fail to include all facts associated with the Life Insurance Plan, the document speaks for itself and therefore deny the allegations contained in paragraph 58.

59. The defendants deny the allegations contained in paragraph 59 of the complaint.

60. The defendants state that the allegations of paragraph 60 state conclusions of law to which no response is required.

61. The defendants deny the allegations contained in paragraph 61 of the complaint.

62. The defendants deny the allegations contained in paragraph 62 of the complaint.

63. The defendants deny the allegations contained in paragraph 63 of the complaint.

64. The defendants deny that plaintiff is entitled to a jury claim of all issues related to the SCP.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint, in part, seeks benefits pursuant to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*, which provides the exclusive remedies for an alleged improper denial of benefits, and Plaintiff is limited to the rights and remedies afforded under ERISA. Under ERISA, Plaintiff is not entitled to seek compensatory, punitive, or other extra-contractual damages.

### Second Affirmative Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

To the extent (and without admitting that) Ms. Kieft is entitled to recover any benefits under any of the Plans or policy at issue, such recovery is subject to setoffs under the terms of the Plans or policy.

### Fourth Affirmative Defense

To the extent (and without admitting that) Ms. Kieft is entitled to benefits at this time, such immediate entitlement does not mean that Ms. Kieft has an entitlement to unlimited future benefits given, *inter alia*, the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions, or limitations.

### Fifth Affirmative Defense

The determinations by any defendant regarding Ms. Kieft's claim for benefits were not arbitrary and capricious, but rather were reasonable based on the evidence submitted by Ms. Kieft and comprising the claim file, and were made in good faith, in accordance with the terms of the Plan or policy and applicable law.

### Sixth Affirmative Defense

All determinations made by any defendant with respect to Ms. Kieft's claim for benefits were made in the interest of all

plan participants and beneficiaries and in accordance with the terms and conditions of the plan documents or policy.

### Seventh Affirmative Defense

The prayers for relief are barred to the extent the relief sought is not permitted by ERISA, or by law.

### Eighth Affirmative Defense

The plaintiff's claims are subject to set-off due to benefits and payments she received from the defendants when she was not disabled.

### Ninth Affirmative Defense

Plaintiff's claims are barred to the extent she failed to follow the requirements of the policy or plans in submitting her claims and appeals.

### Tenth Affirmative Defense

Plaintiff's claim for alleged breach of contract relating to the Salary Continuation Benefits policy is barred because the Salary Continuation Benefits policy did not constitute a contract with the plaintiff.

WHEREFORE, the defendants respectfully request that the Court dismiss the complaint with prejudice, award defendants their attorneys fees and costs, and strike plaintiff's jury demand.

```
                                    DEFENDANTS,
                                    By their attorneys,


                                    /s/  Constance M. McGrane
                                    James F. Kavanaugh, Jr. BBO#262360
                                    Constance M. McGrane BBO#546745
                                    CONN KAVANAUGH ROSENTHAL PEISCH
                                      & FORD, LLP
                                    Ten Post Office Square
                                    Boston, MA 02109
                                    617-482-8200

DATED:  September 12, 2005
233855.1
```