UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 04-10949-NMG

| | |
|---|---|
| ALICE KIEFT,<br>    Plaintiff<br><br>v.<br><br>AMERICAN EXPRESS COMPANY,<br>ET AL.,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION TO PLAINTIFF'S MOTION FOR
AN EXTENSION OF THE SCHEDULING ORDER**

Defendants American Express Company ("American Express"), American Express Company Long Term Disability Plan ("LTD Plan"), and American Express Company Life Insurance Plan ("Life Insurance Plan") hereby oppose the Plaintiff's Motion for an Extension of the Scheduling Order. The motion should be denied because the parties and court agreed on a reasonable schedule, the disputed claim for benefits has been pending since 2003, and the discovery which plaintiff seeks is not warranted by the case. As further grounds for this opposition, Defendants state as follows:

1.    Two of the four counts of the plaintiff's complaint concern the termination of Salary Continuation Benefits for the plaintiff, which occurred on or about February 3, 2003. The amount at issue relative to the Salary Continuation Benefits is approximately $3,400.00. The claim for benefits initially arose from the plaintiff's report of a sprained ankle, and was granted for various periods from September 23, 2002 through January 2, 2003. Her claim for continued Salary Continuation Benefits beyond January 2, 2003 was

denied. After a series of appeals, the decision to deny the plaintiff's Salary Continuation Benefits beyond January 2, 2003 was upheld on or about October 6, 2003. This action was filed in May of 2004.

2.  The remaining two counts of the plaintiff's complaint concern long-term disability benefits and life insurance continuation benefits. These claims are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff asserts that she is entitled to benefits under the Plans because she was totally disabled, and because the Salary Continuation Benefits claim was wrongly decided. Plaintiff claims with respect to the life insurance continuation benefit claim that she was entitled to a "total disability waiver of premium under the Life Insurance Plan." Amended Complaint, ¶25. Both of these ERISA claims are subject to dismissal due to failure to exhaust administrative remedies. In addition, the life insurance continuation benefit claim is subject to dismissal because the plaintiff did not participate in the optional life insurance component of the Plan, and therefore did not pay any premiums for such coverage.

3.  This Court has recognized that little or no discovery outside of the administrative record is generally permitted or is required in ERISA cases, because the resolution of the case is limited to evaluation of the administrative record. See Orndorf v. Paul Revere Life Insurance Company, 404 F. 3d 510 (1st Cir. 2005).

4.  At a Scheduling Conference on July 19, 2005, the parties submitted a Joint Schedule that they had agreed upon for the case. Automatic disclosures were to be made by June 30, 2005, discovery completed by December 30, 2005, and cross-motions for summary judgment filed by February 24, 2006.

5. Consistent with this schedule, defendants served plaintiff with Defendants' Initial Disclosures Pursuant to Rule 26(A)(1) on June 29, 2005 ("Initial Disclosure"). Exhibit 1. As explained in the Initial Disclosure, and the cover letter, defendants sought a confidentiality agreement prior to disclosing certain documents. The defendants' counsel also offered to produce the other documents in the interim which did not require a confidentiality agreement. In addition, the Initial Disclosure made clear defendants' position that the long term disability and premium waiver claims were governed by ERISA and should be reviewed upon the administrative record, and therefore no discovery was required. Plaintiff did not serve any Initial Disclosures, and has not served any in the case.

6. When the defendants' counsel did not receive any response to the proposal to produce the documents described in the Initial Disclosures, the defendants sent another letter with a proposed Confidentiality Agreement to plaintiff on August 18, 2005. The defendants sought a Confidentiality Agreement prior to disclosing the Administrative Services Agreement between MetLife and American Express, a document which contains sensitive business information. This letter also requested plaintiff's Initial Disclosures. Exhibit 2. Plaintiff did not respond to this letter.

7. On December 9, 2005, after receiving no response to the various letters regarding the Confidentiality Agreement, defendants' counsel sent yet another letter enclosing the Confidentiality Agreement. Exhibit 3.

8. On Friday evening, at 8:30 p.m., December 30, 2005, plaintiff's counsel finally responded by fax to the outstanding requests for a Confidentiality Agreement, with the statement that he did not share defendants' opinion that any documents were

3

confidential, and serving the defendants with interrogatories and document requests. Exhibit 4.

9. After the holiday weekend, when defendants' counsel received plaintiff's package, defendants' counsel responded to the plaintiffs' late discovery requests, and produced those documents which did not contain confidential business information. See Exhibit 5. The documents produced consisted primarily of various copies of the claim file which had been provided to plaintiff's counsel in 2003 during the administrative appeal of plaintiff's claim for Salary Continuation Benefits, and correspondence with the plaintiff and her counsel regarding the claim. See Exhibit 6.

10. As required by the agreed upon Scheduling Order, defendants anticipate filing a Motion for Summary Judgment on Friday, February 24, 2006. Allowing the Plaintiff's Motion for an Extension of the Scheduling Order will be prejudicial as defendants have followed the rules, prepared the motion, and desire resolution of the case as expeditiously as possible. Further delay will not assist in resolution of the case.

WHEREFORE, defendants respectfully request that this Court deny Plaintiff's Motion for an Extension of the Scheduling Order.

DEFENDANTS,
By their attorneys,

/s/ Constance M. McGrane
James F. Kavanaugh, Jr. BBO#262360
Constance M. McGrane BBO#546745
CONN KAVANAUGH ROSENTHAL
PEISCH  & FORD, LLP
Ten Post Office Square
Boston, MA 02109
617-482-8200

DATED: February 21, 2006
247688.1247688.1

4