# EXHIBIT 4

Case 1:04-cv-10949-NMG   Document 19-6   Filed 02/21/2006   Page 2 of 19

Dec 30 05 08:32p   Case 1:04-cv-10949-NMG   Stephen L. Raymond   Document 19   Filed 02/21/2006   (978) 372-6596   Page 18 of 41   p.1

LAW OFFICE OF
# STEPHEN L. RAYMOND, ESQ.
SUITE 206
3 WASHINGTON SQUARE
HAVERHILL, MASSACHUSETTS 01830

*ALSO ADMITTED
IN NEW YORK

(978) 372-6590
FAX (978) 372-6596

## *FACSIMILE TRANSMITTAL SHEET*

**TO:**       Constance M. McGrane, Esq.
              CONN KAVANAUGH ROSENTHAL
              PEISCH & FORD, LLP

**FAX NO.:**  (617) 482-6444

**FROM:**     STEPHEN L. RAYMOND

**RE:**       Alice Kieft v. American Express Company, et al.
              Civ. No.: 04-10949 NMG

**DATE:**     December 30, 2005

**# PAGES (incl. this sheet):** 18 (eighteen).

**COMMENTS:**

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

LAW OFFICE OF
## STEPHEN L. RAYMOND, ESQ.
SUITE 206
3 WASHINGTON SQUARE
HAVERHILL, MASSACHUSETTS 01830

*ALSO ADMITTED
IN NEW YORK

(978) 372-6590
FAX (978) 372-6596

December 30, 2005

**By Facsimile Transmission & Mail**

Constance M. McGrane, Esq.
CONN KAVANAUGH ROSENTHAL
PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109

    Re:    Alice Kieft v. American Express Company, et al.
           Civ. No.:  04-10949 NMG

Dear Ms. McGrane:

    I am writing in response to your recent letter reiterating your proposal for a confidentiality agreement as a precursor to the production of documents in this case. At this time I do not share your opinion that any of the documents you have described require protection as "confidential" materials.

    After this holiday weekend, however, I would be happy to discuss this matter with you further. In addition, in order to get this matter back on track, I would like to discuss your amenability to a request to enlarge the discovery schedule.

    Finally, in the interim, please find enclosed Plaintiff's sundry discovery requests.

    I wish you a Happy New Year!

                        Very truly yours,

                        Stephen L. Raymond

Enc.

Case 1:04-cv-10949-NMG   Document 19-6   Filed 02/21/2006   Page 4 of 19
Dec 30 05 08:32p   Stephen L Raymond   9787200672   p.3
Case 1:04-cv-10949-NMG   Document 19   Filed 02/17/2006   Page 20 of 41

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------x

ALICE KIEFT,

                Plaintiff,

v.

AMERICAN EXPRESS COMPANY,
AMERICAN EXPRESS COMPANY LONG
TERM DISABILITY PLAN, and
AMERICAN EXPRESS COMPANY LIFE
INSURANCE PLAN,

                Defendants.

---------------------------------x

CIVIL ACTION NO.:

04-10949 NMG

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

PLEASE TAKE NOTICE, that pursuant to the Federal Rules of Civil Procedure, Rule 33, defendants, AMERICAN EXPRESS COMPANY ("AMEX"), AMERICAN EXPRESS COMPANY LONG TERM DISABILITY PLAN (hereinafter "LTD PLAN"), and AMERICAN EXPRESS COMPANY LIFE INSURANCE PLAN ("Life Insurance Plan"), are hereby required within thirty (30) days from the date of service of Plaintiff's First Set of Interrogatories to answer each separately and fully in writing under the penalties of perjury, and serve said answers upon Plaintiff's counsel at the Law Office of Stephen L. Raymond, Esq., 3 Washington Square, Ste. 206, Haverhill, MA 01830.

## INSTRUCTIONS AND DEFINITIONS

1.    The term "Plan," where not otherwise specified, shall refer to the American Express Salary Continuation Plan.

2.    The terms "defendant," or "defendants," where not otherwise modified or specified, shall refer jointly and severally to the defendants of this action:

       AMERICAN EXPRESS COMPANY ("AMEX"), AMERICAN EXPRESS COMPANY LONG TERM DISABILITY PLAN (hereinafter "LTD PLAN"), and AMERICAN EXPRESS COMPANY LIFE INSURANCE PLAN ("Life Insurance Plan").

3. The term "person" shall be deemed to include any natural person, corporation, firm, partnership, proprietorship, entity, association, organization and group of natural persons.

4. The term "date" means the exact date, month, and year of an event if ascertainable, or if not, your best approximation thereof (including its relationship to other events).

5. The term "identify" or "identity" when used with reference to natural persons shall require the following information:

    (a) his or her name;

    (b) his or her business address at the time relevant to the interrogatory being answered, and at present, including the name of his or her employer;

    (c) his or her job title at the time relevant to the interrogatory being answered and at present; and

    (d) his or her present residence address.

6. The term "identify" or "identity" when used with reference to firms, corporations, entities, or other persons not natural persons, shall require the following information:

    (a) full name of legal entity; and

    (b) address at the time relevant to the interrogatory being answered and at present.

7. The term "identify" or "identity" when used with reference to any documents, shall require the following information:

2

(a) type of document (i.e., letter, memo, report, etc.);

(b) date;

(c) general description of contents or subject matter and number of pages;

(d) name of persons preparing, if known, and any signatories;

(e) the addresses and names of person receiving copies;

f) the present or last known location of the documents and of each copy thereof having notations unique to such copy;

g) whether you will produce the document for inspection and copying; and

h) if the document was, but is no longer, in your possession or subject to your control, a statement of the disposition which was made of it, the reason for such disposition, and the date thereof.

To the extent that it is shown on the face of the document to be identified, the information called for by subparagraphs (a) - (h) of this instruction need not be set forth separately, if a copy of the document is supplied with your answers to these interrogatories, and separately identified by the number of the interrogatory to which it responds.

8. The terms "identify" or "identity" when used with reference to any communication shall require the following information:

(a) the type of communication (e.g., conversation, telephone call, letter, telex, etc.);

(b) identification of each person who was a party to such communication, setting forth which of such parties affected such communication and which received the same;

(c) identification of each person who participated in such communication and each person who observed, heard, read, or otherwise perceived such communication at the time of its occurrence;

3

 (d) a statement of where and when such communication occurred, including, when applicable, the date sent and the date received by each party thereto;

 (e) identification of each document embodying, recording, reflecting or referring to either the substance or occurrence of such communication, including, but not limited to, expense account records, telephone bills, telephone logs, calendars, personal diaries, diary entries, memoranda, minutes, computer printouts and documents distributed, exhibited, transmitted or read as a part of such communication;

 (f) a full statement of the substance of each such communication, unless a privilege is claimed as to all or part of the communication, and as to such communication or part as to which privilege is claimed, a statement of its general subject matter; and

 (g) if a privilege is claimed as to all or part of a communication, a statement of the nature of the privilege, a general description of the subject matter of the communication, the identity of the persons involved in it, and the basis upon which the privilege is being asserted.

9. The term "document" refers to communications, financial records, business records, reports, books, pamphlets, periodicals, newspapers and magazines and other publications and clippings therefrom, price lists, advertisements, contracts and other agreements, and memoranda of understanding, promissory notes, guarantees and other instruments, calendars, diaries, blueprints, papers, notes, memoranda, prints, sketches, indices, tapes, data processing cards, and all other writings, drawings, graphs, charts, photographs, phone records, other data compilations from which information can be obtained, and any other tangible item upon which information is recorded or appears.

10. If you claim any privilege or other reason not to identify or not to produce any

4

document the identification of which is requested in these interrogatories or the production of which has been otherwise requested in a Request for Production of Documents, identify the number of the interrogatory (or, when appropriate, the number of the document request), which calls for each such document and as to each such document:

(a) identify the sender or person who prepared the document, the recipient, each person who received a copy, the date of the document, and the title, location, and general subject matter of the document;

(b) state the nature of the privilege or other reason which it is claimed justifies non-production; and

(c) state all the facts upon which the claim of privilege or other claimed justification of non-production is based.

## INTERROGATORIES

1. Please identify each individual who made any determination concerning Plaintiff's claim(s) for disability benefits. In identifying such individual(s), specify:

    (a) the medical and vocational backgrounds and qualifications of each, including degrees and titles conferred, specific training, and former positions held, which bear upon or relate to each individual's duties with respect to the claim;

    (b) any other current positions, employment, consultation, or other work or activities engaged in on a full or part-time basis, for profit or otherwise by each. With respect to such activity described herein, state for whom or in conjunction with what person or business such activity is performed;

    (c) If any individual took part in only a portion of the review of Plaintiff's

claim, state accordingly, the dates during which such person engaged in said review, the issue(s) reviewed, and the person's advice or recommendation(s).

2. Identify the following individuals:

   (a) The employees of defendant who had any responsibility or duties concerning Plaintiff's claim for benefits under the Plan; and,

   (b) Karen DiProfio, RN; Director of Nursing Services; AMEX;

   (c) Jennifer Lo Presti; Disability Resource Specialist; METLIFE;

   (d) each member of the following committee: AMEX Employee Benefits Administration Committee;

   (e) Tanzzy Cooley; Appeals Unit; METLIFE;

   (f) Renay Bryant; Disability Resource Specialist; METLIFE;

   (g) Raysa E. Christian; AMEX;

   (h) Gary P. Greenhood, MD;

   (i) Jefrey D. Lieberman, MD;

   (j) Coleen A. Lyons; Manager, Benefits; AMEX; and,

   (k) Stuart Kaplan, MD.

3. Identify any and all representatives, agents, or employees of defendant who communicated with the Plaintiff and/or her agent(s) concerning her claim for benefits under the Plan, stating for each occurrence the date and a brief statement of the subject of the communication.

4. Identify any and all documents concerning Plaintiff's claim(s) for benefits.

6

5. Identify any and all persons consulted with respect to the medical aspects of Plaintiff's claim, at either an initial decision, or any subsequent review of the claim.

6. Identify any and all documents produced by or supplied to any person identified in response to Interrogatory No. 5, above.

7. Identify each and any person, or investigator, employed by defendant or acting as an agent of defendant, who observed and/or conducted surveillance, or who attempted to observe and/or conduct surveillance, of the Plaintiff since the filing of her claim for benefits.

8. Identify any and all persons that defendant expects to call as witnesses in the trial of this action.

9. Identify any and all persons that defendant has retained as expert witnesses in connection with this action. As to each, state:
   (a) The date retained by defendant;
   (b) The field of expertise;
   (c) The substance of all materials examined by, or shown to, the expert;
   (d) The nature and content of all facts submitted to the expert in preparation of formation of an opinion;
   (e) The identity of all documents containing said expert's reports or reports rendered by the expert; and
   (f) The substance of all oral reports;
   (g) The substance of the opinions to which the expert is expected to testify;

7

and,

(h)  A summary of the grounds for each of the expert's expected opinions.

Dated:    Haverhill, MA
          December 30, 2005

                                                    PLAINTIFF
                                                    By her attorney,

                                                    LAW OFFICE OF
                                                    STEPHEN L. RAYMOND, ESQ.

                                                    By: _____
                                                    Stephen L. Raymond
                                                    3 Washington Square, Ste. 206
                                                    Haverhill, MA  01830
                                                    (978) 372-6590
                                                    BBO #567753

**CERTIFICATE OF SERVICE**

This is to certify under penalty of perjury that defendant has been served a copy of this document, by U.S. Mail, postage pre-paid, and addressed as follows:

Constance M. McGrane, Esq.
CONN KAVANAUGH ROSENTHAL
PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109

Date: 12/31/05                                      _____
                                                    Stephen L. Raymond

8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-------------------------------------------------x

ALICE KIEFT,

                Plaintiff,

            v.

AMERICAN EXPRESS COMPANY,
AMERICAN EXPRESS COMPANY LONG
TERM DISABILITY PLAN, and
AMERICAN EXPRESS COMPANY LIFE
INSURANCE PLAN,

                Defendants.

-------------------------------------------------x

CIVIL ACTION NO.:

04-10949 NMG

### PLAINTIFF'S FIRST REQUEST FOR DOCUMENTS

PLEASE TAKE NOTICE, that pursuant to the Federal Rules of Civil Procedure, Rule 34, defendants, AMERICAN EXPRESS COMPANY ("AMEX"), AMERICAN EXPRESS COMPANY LONG TERM DISABILITY PLAN (hereinafter "LTD PLAN"), and AMERICAN EXPRESS COMPANY LIFE INSURANCE PLAN ("Life Insurance Plan"), are hereby required within thirty (30) days from the date of service of this Request for Production of Documents to produce and make available for inspection and copying the documents described below at the Law Office of Stephen L. Raymond, Esq., 3 Washington Square, Ste. 206, Haverhill, MA 01830.

### INSTRUCTIONS

1. Each request, and any subpart thereof, should be responded to fully, unless it is objected to, in which event the reasons for the objection should be stated in detail.
2. You are required to furnish all documents known or available to you regardless of whether possessed directly by you, so long as they are in the possession, custody,

or control of your agents, employees, representatives, investigators, or other legal entities controlled by or in any manner affiliated with you.

3. These document requests are continuing in nature, as provided by the Federal Rules of Civil Procedure.

4. If any document requested (or any portion thereof) is claimed to be subject to non-disclosure on the ground of privilege: (1) state the nature of the privilege being asserted and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and (2) set forth the type, date, and general subject matter of the document and such other information as is sufficient to identify the document for a subpoena duces tecum; or identify that portion of any document redacted, and the basis therefor.

5. If any requested document is known to have existed and cannot now be located, or has been destroyed or discarded, then identify each such document by setting forth:

    (a) The last known custodian;

    (b) Whether the document is missing or lost, was destroyed or discarded;

    (c) The date of loss, destruction, or discard;

    (d) The manner of destruction or discard;

    (e) The reasons for destruction or discard;

    (f) The persons authorizing or carrying out such destruction or discard;

    (g) The efforts made to locate lost or misplaced documents; and

    (h) A statement describing the document, including a summary of its contents, the identity of its author, and the persons to whom it was sent or shown.

6. If any documents which are no longer in existence contained information which may be recalled, or identified through another source, then in response to the

request for documents:

(a) Identify any and all other sources which contain the information and produce any and all which are documents;

(b) Identify each type of documents (e.g., letters, ledgers, etc.) which contained the information, but which are no longer in existence;

(c) State the time frame, during which the documents were maintained;

(d) State circumstances under which the documents ceased to exist;

(e) Identify all persons with knowledge of the circumstances under which the documents ceased to exist; and

(f) Identify all persons who have knowledge or had knowledge of the documents and their contents.

7. If any identified document is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction until the conclusion of this lawsuit or unless otherwise permitted by the Court.

## DEFINITIONS

1. The term "Plan," where not otherwise specified, shall refer to the American Express Salary Continuation Plan.

2. The terms "defendant," or "defendants," where not otherwise modified or specified, shall refer jointly and severally to the defendants of this action: AMERICAN EXPRESS COMPANY ("AMEX"), AMERICAN EXPRESS COMPANY LONG TERM DISABILITY PLAN (hereinafter "LTD PLAN"), and AMERICAN EXPRESS COMPANY LIFE INSURANCE PLAN ("Life Insurance Plan").

3. The definitions and rules of construction contained herein shall not be deemed to

3

narrow those set out in the Federal Rules of Civil Procedure, or local rules of this Court, which are hereby incorporated by reference.

### DOCUMENTS REQUESTED

1. Any and all documents concerning Plaintiff, ALICE KIEFT, and/or concerning her status as an employee of defendant, and/or concerning her claim(s) for benefits under the American Express Salary Continuation Plan, LTD Plan, and Life Insurance Plan.

2. Plaintiff's entire employment file, including, without limitation, any and all documents that had been, at any time, contained within said file.

3. Plaintiff's entire claim file(s) including, without limitation, any and all documents that had been, at any time, contained within said file.

4. Any and all underwriting file documents, pertaining to Plaintiff's claims, the employee benefit plans under which Plaintiff's claims were submitted, and any insurance covering such benefits.

5. Any and all copies of documents pertaining to the employee benefit plans at issue in this litigation, including the American Express Salary Continuation Plan, LTD Plan, and Life Insurance Plan, which documents should include, without limitation, any and all descriptions of the plans, Summary Plan Descriptions ("SPD's"), any contracts pertaining to the administration of said plans, and any policies of insurance, or reinsurance pertaining to said plans.

6. Any and all documents concerning the collection of premiums from or on behalf of Plaintiff, for coverage under the American Express Salary Continuation Plan, LTD Plan, and Life Insurance Plan, and any and all documents concerning any payment of benefits made to Plaintiff under these plans.

7. Any and all documents concerning, expressing, or containing any policies, guidelines, or procedures for the handling of disability claims (whether or not created by defendant, or any claim administrator of the employee benefit plans at issue herein) which were adopted by, or used by defendant (or its plans' administrator) during the pendency of Plaintiff's claim(s), from October 24, 2002, to the date of the commencement of this action, notwithstanding whether said documents were used or referred to for Plaintiff's claim, and including without limitation, all "Claim Management Guidelines."

8. Any and all documents produced by any medical, vocational, or any other consultant, concerning Plaintiff's claim for benefits.

9. Any and all documents concerning the duties of Plaintiff's former occupation.

10. Any and all reports, notes, memoranda, or other correspondence, audiotapes, videotapes, photographs, or electronically captured images, produced or recorded in connection with any surveillance of Plaintiff.

11. Any and all insurance policies, insurance agreements, reinsurance policies, or reinsurance agreements under which defendant has or may have a claim for the indemnification or reimbursement (in part or in whole) of any judgment which

may be rendered as a result of this action.

12. For each and every person who performed a medical review or evaluation of Plaintiff's claim for defendant, that person's curriculum vitae, including any professional licensing information.

13. For each and every person who performed a vocational review or evaluation of Plaintiff's claim for defendant, that person's curriculum vitae, including any professional licensing information.

14. All documents provided to each and every medical and vocational reviewer, together with any and all documents produced by said reviewer, documents showing their compensation, and documents reflecting the source of the funds used to pay said compensation.

15. Any and all claims or benefit guides for defendant's claim examiners concerning disability claims, including the interpretation or application of the plans' definition of "disability."

16. Any and all documents reflecting the institution, by defendants' claim administrators, of any new claim review processes within the last 7 years.

17. Any and all documents reflecting the institution, by defendants' claim administrators, of any new employee incentive programs within the last 7 years.

18. For each and every person who reviewed Plaintiff's claim for defendant, any and

6

all documents describing the job duties for that person's position.

19. For each and every person who reviewed Plaintiff's claim for defendant, any and all documents describing the qualifications and/or training defendant requires for each such person's position.

20. Any and all documents defendants or their claim administrators provide its employees concerning the preparation of letters that deny or terminate disability benefits, including any and all documents that recommend the inclusion of particular information in said letters.

21. All documents not otherwise covered herein that defendants contend support, relate to, or in any way, pertain to the argument or defenses asserted in its Answer.

22. All documents that defendants intend to introduce into evidence or otherwise use at any future hearing or trial on this matter.

23. All documents identified by defendants in response to Plaintiff's First Set of Interrogatories, served herewith, or in any way relating to defendants' answers thereto, whether specifically identified by defendants therein, or otherwise referred to by defendants in formulating their answers.

7

Dated:  Haverhill, MA
December 30, 2005

PLAINTIFF
By her attorney,

LAW OFFICE OF
STEPHEN L. RAYMOND, ESQ.

By: _____
Stephen L. Raymond
3 Washington Square, Ste. 206
Haverhill, MA 01830
(978) 372-6590
BBO #567753

### CERTIFICATE OF SERVICE

This is to certify under penalty of perjury that defendant has been served a copy of this document, by U.S. Mail, postage pre-paid, and addressed as follows:

Constance M. McGrane, Esq.
CONN KAVANAUGH ROSENTHAL
PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109

Date: 12/30/05                  _____
                                Stephen L. Raymond

8