# EXHIBIT 5

## CONN KAVANAUGH ROSENTHAL PEISCH & FORD, LLP

COUNSELORS AT LAW

Ten Post Office Square, Boston, Massachusetts 02109

Tel: (617) 482-8200

Fax: (617) 482-6444

WRITER'S DIRECT DIAL: (617) 348-8214
E-MAIL: CMCGRANE@CKRPF.COM

THOMAS E. PEISCH
BOB B. ROSENTHAL
JAMES F. KAVANAUGH, JR.
RUSSELL F. CONN
GEORGE M. FORD
JAMES B. PELOQUIN
BARRY E. GOLD
THOMAS J. GALLITANO
NEIL R. SCHAUER
JAMES GRAY WAGNER
ERIN K. HIGGINS
STEVEN E. GURDIN
MICHAEL T. SULLIVAN
CONSTANCE M. MCGRANE
KURT B. FLIEGAUF

RONALD M. JACOBS
CAROL A. STARKEY
JENNIFER M. NORTON
SARA L. GOODMAN
ELISE S. WALD
MICHAEL R. BERNARDO
JACOB A. LABOVITZ
CARA A. FAUCI
JOHANNA L. MATLOFF
AMY C. STEWART
BETH NUZZO NEWMARK
SARAH E. WEBER
VALERIE CHRISTOPHILOS
MAYA L. SETHI

January 4, 2006

**BY OVERNIGHT MAIL**

Stephen L. Raymond, Esq.
3 Washington Square, Suite 206
Haverhill, MA 01830

RE:   Alice Kieft v. American Express Company, et al.;
      Civil Action No. 04-10949-NMG

Dear Mr. Raymond:

    I received your fax of late December 30, 2005 responding to my letters of June 29, 2005, August 18, 2005 and December 9, 2005, requesting that you execute a Confidentiality Agreement for the matter so we could produce certain confidential documents for the case. In particular, we intended to produce an Administrative Services Agreement that contains confidential business information. I understand from your letter that you do not share my opinion that any documents require such protection, but you would be willing to discuss this after the holiday weekend.

    In the interim, as I suggested in my initial letter to you of June 29, 2005 about the Confidentiality Agreement, I am enclosing the documents which we identified that we do not believe contain confidential business information. The documents, however, contain personal identifiers relating to your client. Accordingly, when such documents are submitted to the Court, the identifiers will be redacted. These documents are Bates – stamped: KIEFT 00001 – 00053; KIEFT 00145 – 00265; KIEFT 00299 – 00362; KIEFT 00420 – 00548; KIEFT/AMEX 00001 – 00201; KIEFT/AMEX 00456 – 00463; KIEFT/AMEX 00202 – 00274; KIEFT/AMEX 00275 – 00398.

    With respect to the discovery requests which you sent by fax at 8:32 p.m. on December 30, 2005, it is my opinion that these requests are barred by the discovery schedule we jointly set that required discovery to be <u>completed</u> by December 30, 2005. Further, the requests are extremely broad, and where relevant will be covered by the above-captioned documents. For example, with respect to the request for plaintiff's claim file, such file is contained in the enclosed documents. The requests are also inconsistent with this Court's decisions which have

Stephen L. Raymond, Esq.
January 4, 2006
Page 2

limited or excluded extra administrative record evidence in similar disability cases. See, Orndorf v. Paul Revere Life Insurance Company, 404 F.3d 510 (1st Cir. 2005).

Finally, with respect to the request for an extension of the discovery schedule, it remains my opinion that this case can be decided on the merits based upon the administrative claim file, and discovery is not warranted by the case. Moreover, we agreed on a discovery and briefing schedule for summary judgment motions for the case. The case has been pending for some time, and our clients are very interested in moving it forward to resolution. As a result, we are not amenable to a request to enlarge the discovery schedule.

If you would like to discuss the case or schedule further after you have had a chance to review these documents, please do not hesitate to call me.

Very truly yours,

*Constance M. McGrane* (signature)

Constance M. McGrane

Enclosures
CMM/sem:5182-31

cc:   James F. Kavanaugh, Jr., Esq. (w/o encs.)