UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 04-10949-NMG

| | |
|---|---|
| ALICE KIEFT,<br>    Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| AMERICAN EXPRESS COMPANY,<br>ET AL.,<br>    Defendants | )<br>)<br>)<br>) |

### AFFIDAVIT OF LAURA SULLIVAN

I, Laura Sullivan, hereby depose and state as follows.

1.    I am employed by Metropolitan Life Insurance Company ("MetLife") as a Business Consultant. In that capacity, I have custody and access to the books and records of MetLife relating to the claim for salary continuation benefits filed by Alice Kieft, a former employee of American Express Company ("American Express").

2.    My personal knowledge and the books and records maintained by MetLife in the regular course of business form the basis for this affidavit.

3.    MetLife is and at all times relevant to Ms. Kieft's claim was the Claim Administrator for the American Express Salary Continuation Benefits program. As such, MetLife is responsible for determining a claimant's eligibility for and entitlement to salary continuation benefits and for reviewing such determinations on appeal. In addition, American Express provided a second appeal to its employees under the Salary Continuation Benefits program. This second appeal was directly to American Express.

4.  Under the Salary Continuation Benefits program, "disability" is defined as the inability to perform the material functions of the employee's job due to a medically determined physical or mental impairment that is caused by sickness, disease, injury or pregnancy. The employee also must require the regular care and attendance of a doctor.

5.  Ms. Kieft applied for salary continuation benefits on or about September 25, 2002. She provided a Health Care Provider Certification dated October 10, 2002 for the claim from her health care provider which indicated that her request for leave was due to "sprained ankle left." See Exhibit 2, KIEFT 00161, attached hereto. Her claim was granted for various periods from September 17, 2002 through October 7, 2002; and from October 24, 2002 through January 2, 2003. She received salary continuation benefits from September 23, 2002 through October 7, 2002, and for the period of October 24, 2002 through January 2, 2003. After consideration of the medical documents submitted by Ms. Kieft and her physicians, MetLife determined that she was not eligible for salary continuation benefits beyond January 2, 2003, and notified Ms. Kieft of the same by telephone on or about February 3, 2003, and by letter on February 11, 2003. Ms. Kieft appealed the determination by letter to MetLife dated March 7, 2003. MetLife's determination that Ms. Kieft was no longer eligible was upheld on appeal by MetLife, and it notified Ms. Kieft, through her attorney, of the same by letter of June 16, 2003.

6.  In the course of the first appeal, MetLife obtained two independent physician consultant reviews. One review was by Jefrey Lieberman, M.D., Board Certified in Internal Medicine and Rheumatology. The second physician consultant review was conducted by Gary P. Greenhood, M.D., Board Certified in Internal Medicine and Infectious Diseases. True copies of their reports to MetLife are attached hereto at Exhibit 3, KIEFT 00433 – 00438.

7. Ms. Kieft received salary continuation benefits from American Express for a seven (7) week period from June 21, 2002 through August 2, 2002. She was approved to return to work on August 5, 2002. She then returned to work, until she left work on September 16, 2002, after which she filed the claim for salary continuation benefits which is at issue in the case. During this second period, she received thirteen (13) weeks and one day of salary continuation benefits until her claim was denied past January 2, 2003. Accordingly, she received a total of twenty (20) weeks and one day of salary continuation benefits during the twelve month period beginning June 21, 2002. Under the Salary Continuation Benefits program, an employee was entitled to a maximum of 26 weeks of salary continuation benefits during a twelve month rolling period. Since the twelve-month period begins June 21, 2002 for Ms. Kieft's salary continuation benefits claim, the most she could recover in salary continuation benefits if she were totally disabled during that period would be an additional six weeks of benefits. Calculated at 70% of her salary, or $559.35 per week, the six weeks would total $3,356.14, before taxes and other lawful deductions or offsets under the Salary Continuation Benefits program.

8. Attached hereto as Exhibit 1, and stamped as KIEFT 00021 - 00053, is a true and accurate copy of MetLife's documents showing its Claim Diary entries for the salary continuation claim filed by Ms. Kieft on or about September 25, 2002. Attached hereto as Exhibit 2, and stamped as KIEFT 00161 - 00162, KIEFT 00304, KIEFT 00176, KIEFT 00314, KIEFT 00317 – 00319, KIEFT 00171, KIEFT 00177-00178, KIEFT 00172, KIEFT 00175, KIEFT 00179-00180, KIEFT 00326 – 00332, is a true and accurate copy of the medical documents and records MetLife received from Ms. Kieft's physicians relating to her claim for salary continuation benefits prior to Ms. Kieft's first appeal of March 7, 2003. Attached hereto as Exhibit 3, and stamped as KIEFT 00528 - 00529, KIEFT 00159, KIEFT 00547 – 00548,

3

KIEFT 00337- 00339, KIEFT 00188- 00202, KIEFT 00358- 00359, KIEFT 00361, KIEFT 00203, KIEFT 00433-00438, KIEFT 0014700150, KIEFT 00204-00209, KIEFT 00151 - 00155, KIEFT 00145 – 00146, KIEFT 00254, KIEFT 00236 – 00237, KIEFT 00210 – 00220, KIEFT 00255, is a true and accurate copy of correspondence in chronological order with the plaintiff or her attorney relating to her claim for salary continuation benefits. To the best of my information and belief, and to the best of MetLife's information and belief, these attachments include all such material in MetLife's possession, custody or control received or generated by MetLife in connection with Ms. Kieft's claim for salary continuation benefits. The personal identifiers, such as Social Security number and birth date have been redacted.

9. American Express also sponsors a Long Term Disability Insurance Plan for its employees (the "LTD Plan.") MetLife is and at all times relevant was the Claim Administrator for the LTD Plan. To apply for long term disability ("LTD") benefits, the Summary Plan Description for the LTD Plan instructs the participant to contact MetLife at a proscribed telephone number to begin the filing process. MetLife has no record that Ms. Kieft made a claim for LTD benefits through the proscribed telephone number. MetLife does have correspondence from Ms. Kieft's counsel relating to her salary continuation benefits claim that also refers to LTD benefits. MetLife has not ever reviewed whether Ms. Kieft was entitled to LTD benefits.

10. The Plan Administrator for the LTD Plan was the Employee Benefits Administration Committee ("EBAC") of American Express Company. The LTD Plan provides for a First Level of Appeal to the Claim Administrator, and a Second Level of Appeal to EBAC.

11. MetLife is a fiduciary for the LTD Plan. Under the terms of the LTD Plan, MetLife is responsible for determining, in its discretion, a participant's eligibility for and entitlement to benefits.

SIGNED under the pains and penalties of perjury this 24 day of February, 2006.

_____
Laura Sullivan

247381.1