**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

---

**ALICE KIEFT,**
      **Plaintiff**

                **04 CV 10949 NMG**

 v.

**AMERICAN EXPRESS COMPANY,
AMERICAN EXPRESS COMPANY LONG
TERM DISABILITY PLAN, and
AMERICAN EXPRESS COMPANY LIFE
INSURANCE PLAN,**
      **Defendants**

---

**PLAINTIFF'S COUNTER-STATEMENT OF FACTS IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
<u>IN SUPPORT OF HER CROSS-MOTION FOR JUDGMENT</u>**

  Pursuant to Local Rule 56.1, the Plaintiff, ALICE KIEFT, submits the following Counter-Statement of Facts.[1]

**A. AS TO DEFENDANTS' STATEMENT OF FACTS:**

3. Plaintiff respectfully refers the Court's attention to the full text of the document cited, and notes further, that it is not Plaintiff's contention that the personnel manual created a contract of employment between the Company and Plaintiff.

4. Plaintiff respectfully refers the Court's attention to the full text of the document cited, which speaks for itself. AmEx. Aff. Ex. 2, KIEFT/AMEX 00242.

5. Defendants' Affiant stated that MetLife "is and at all times relevant to Ms. Kieft's claim was the Claim Administrator" for the Salary Continuation Plan. For the balance of defendants' asserted fact, Plaintiff respectfully refers the Court's attention to the full text of the documents cited, which speak for themselves.

---

[1] The Counter-Statement is in response to Defendant's Statement of Material Facts and corresponds specifically by numbered paragraph. The citations contained herein reference pages contained within the exhibits previously filed with the Court by defendants.

6. Plaintiff respectfully refers the Court's attention to the full text of the Summary Plan Description ("SPD") for the salary continuation plan, which speaks for itself. Plaintiff disputes defendants' blanket statement that the cited documents "were provided to American Express employees," as it fails to describe how, when, and whether the same were provided to Plaintiff, specifically. AmEx. Aff. Ex. 1, KIEFT/AMEX 00268-74, and KIEFT 00001-18.

7. Plaintiff respectfully refers the Court's attention to the full text of the document cited, which speaks for itself. AmEx. Aff. Ex. 2, KIEFT/AMEX 00224-42.

8. Plaintiff respectfully refers the Court's attention to the full text of the document cited, which speaks for itself. AmEx. Aff. Ex. 1, KIEFT 00018.

11. Plaintiff respectfully refers the Court's attention to the full text of the Health Care Provider Certification, which speaks for itself. MetLife Aff. Ex. 2, KIEFT 00161-62. Additionally, the PMA Office Visit note cited by defendants includes the additional observations that Ms. Kieft suffered a Left elbow/forearm injury, question: x-ray; it is noted that there is pain on full extension; swelling; and tenderness "just distal to the L elbow." KIEFT 304.

13. Plaintiff respectfully refers the Court's attention to the full text of the document cited, which speaks for itself. AmEx. Aff. Ex. 1, KIEFT/AMEX 00271.

14. Plaintiff respectfully refers the Court's attention to the full text of the document cited, which speaks for itself. MetLife Aff. Ex. 3, KIEFT 00203. Plaintiff also supplemented her list of duties. As a "floater" she was required to travel to various sites in order to complete her job duties, and this was explained to MetLife by letter dated June 16, 2003. AmEx. Aff. Ex. 7, KIEFT/AMEX 00020-24, 23.

15. Plaintiff respectfully refers the Court's attention to the full text of the document cited, which speaks for itself. AmEx. Aff. Ex. 1, KIEFT 00002.

16. Plaintiff agrees that defendants made such a determination, but contests that it was not

based upon a proper "evaluation of the medical documentation submitted by the plaintiff and her physicians."

17. Plaintiff respectfully refers the Court's attention to the full text of the document cited, which speaks for itself. MetLife Aff. Ex. 2.

19. Plaintiff objects to the defendants' characterization of its two paid physicians as "independent."

20. Plaintiff respectfully refers the Court's attention to the full text of the document cited, which speaks for itself. MetLife Aff. Ex. 3, KIEFT 00433-35. Dr. Lieberman's report includes the notation that Dr. Kohen reported: "her primary symptoms relate to depression and fibromyalgia" and that she "has osteoarthritis in her knees and back." Moreover, Dr. Kohen has indicated (about two months after Dr. Lieberman's report) that due to her Fibromyalgia she has diffuse myalgias, and arthralgias involving her back, hands, wrists, ankles, and knees, and that this causes "constant" pain severe enough to interfere with attention and concentration. When asked to estimate how long Ms. Kieft could sit/stand in an 8 hour working day, Dr. Kohen approximated "less than 1 hour." AmEx. Aff. Ex. 7, KIEFT/AMEX 00036-41.

21. Plaintiff respectfully refers the Court's attention to the full text of the document cited, which speaks for itself. MetLife Aff. Ex. 3, KIEFT 00436-38. Plaintiff takes issue with Dr. Greenhood's characterization that the diagnoses were "not documented," as they were described by her treating physicians.

22-23. Plaintiff notes that MetLife's June 16, 2003, letter was sent by mail, and crossed with counsel's letter of even date. Plaintiff respectfully refers the Court's attention to the full text of the documents cited, which speak for themselves.

24. Plaintiff respectfully refers the Court's attention to the full text of the documents cited, which speak for themselves.

26. Plaintiff objects to defendant's characterization of its paid medical reviewer as

"independent," and again notes that the plan's description of her occupation was incomplete.

27. Plaintiff respectfully refers the Court's attention to the full text of the document cited, which speaks for itself. AmEx. Aff. Ex. 7, KIEFT/AMEX 00003-8. Plaintiff further, objects to Dr. Kaplan's importation of a requirement of "objective signs" or "objective findings of impairment," when the same is not required by the terms of the salary continuation plan.

28. Plaintiff respectfully refers the Court's attention to the full text of the document cited, which speaks for itself. AmEx. Aff. Ex. 7, KIEFT/AMEX 00001. Again, AMEX incorporated a requirement of "objective information" in the records that does not exist within the plan.

32. Plaintiff respectfully refers the Court's attention to the full text of the SPD documents cited, which speak for themselves. AmEx. Aff. Ex. 2, 3. Plaintiff objects to defendants' blanket statement that the cited documents "were provided to American Express employees," as it fails to describe how, when, and whether the same were provided to Plaintiff, specifically.

33. Plaintiff respectfully refers the Court's attention to the full text of the SPD document cited, which speaks for itself. AmEx. Aff. Ex. 2.

34. Plaintiff respectfully refers the Court's attention to the full text of the SPD document cited, which speaks for itself. AmEx. Aff. Ex. 3. The SPD for the LTD plan also provides "If you are already receiving Salary Continuation benefits, MetLife will review your claim during the fourteenth week to determine if you qualify for Long Term Disability benefits." AmEx. Aff. Ex. 3, KIEFT/AMEX 00250

36. Plaintiff objects to this stated fact to the extent that the *Claims Administrator* of the LTD Plan was MetLife, and the Health and Welfare Plans SPD provided for written claim to be sent directly to the Claims Administrator. See, AmEx. Aff. Ex. 2, KIEFT/AMEX

00228, 238.

37-39. Plaintiff respectfully refers the Court's attention to the full text of the SPD document cited, which speaks for itself. AmEx. Aff. Ex. 2.

40-41. Plaintiff agrees with the stated facts, but notes that both MetLife and AMEX's EBAC, would have had an opportunity to review Plaintiff's claim, had it made an initial decision on said claim.

42-46. Plaintiff respectfully refers the Court's attention to the full text of the documents cited, which speak for themselves.

47. Plaintiff has claimed a continuation of her basic life insurance pursuant to the terms of the Life Insurance Plan which provides the same in the event of the participant's "total disability." AmEx. Aff. Ex. 5.

49-51. Plaintiff respectfully refers the Court's attention to the full text of the SPD document cited, which speaks for itself. AmEx. Aff. Ex. 2.

52-53. Plaintiff agrees with the stated facts, but notes that both MetLife and AMEX's EBAC, would have had an opportunity to review Plaintiff's claim, had it made an initial decision on said claim.

Dated: May 31, 2006
      Haverhill, MA

LAW OFFICE OF
STEPHEN L. RAYMOND, ESQ.
Attorney for Plaintiff

By: */s/ Stephen L. Raymond*
Stephen L. Raymond
3 Washington Square, Ste. 206
Haverhill, MA  01830
(978) 372-6590
BBO #567753