UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.  04-10949-NMG

_____
                                                    )
ALICE KIEFT,                                )
        Plaintiff                               )
                                                    )
v.                                               )
                                                    )
AMERICAN EXPRESS COMPANY,       )
ET AL.,                                          )
        Defendants                          )
_____)

## DEFENDANTS' FURTHER STATUS REPORT

Pursuant to this Court's Order of October 9, 2007, the defendants, American Express

Company ("American Express"), American Express Company Long Term Disability Plan

("LTD Plan"), and American Express Company Life Insurance Plan ("Life Insurance Plan"),

collectively "Defendants",  provide the following report on the progress of the review of

plaintiff's claims by the Plans' claims administrator, Metropolitan Life Insurance Company

("MetLife").

1.        On March 30, 2007, MetLife issued its determination on plaintiff's initial Long Term

Disability ("LTD") claim.  MetLife denied plaintiff's claim for LTD benefits.  On April 17,

2007, MetLife issued its determination on plaintiff's initial claim for life insurance waiver of

premium, also denying the claim.  In both letters, as required by the Employee Retirement

Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), and the ERISA

claims regulations promulgated thereunder, MetLife advised plaintiff of her right to appeal the

initial denial of her claims.

2.        On September 20, 2007, the plaintiff's counsel forwarded a letter requesting documents,

and relaying plaintiff's intention to appeal the LTD benefits and life insurance premium decision

to MetLife.

3.     On September 26, 2007, counsel for the plaintiff provided additional medical information in support of the plaintiff's claim for LTD benefits.  This letter was not the final submission of documents by plaintiff upon appeal, as it reserved a "right to comment upon the documents" to be received in response to the plaintiff's request of September 20, 2007.

4.     On October 10, 2007, in response to plaintiff's September 20, 2007 request, MetLife produced a complete copy of plaintiff's claim file.  MetLife noted plaintiff's statements regarding the intent to submit additional documents and information, and asked plaintiff to specifically advise MetLife when the appeals submission would be complete and MetLife could begin its review of plaintiff's appeal.  MetLife also advised that no internal claims guideline was specifically relied upon in making the claim determination.

5.     Plaintiff did not respond to MetLife's request, in its October 10, 2007 letter, that plaintiff advise MetLife when the appeal submission was complete—neither by submitting further documents, nor by advising that the submission was complete.  To expedite the process, defendants' counsel, by letter to plaintiff's counsel dated November 30, 2007, again requested plaintiff's counsel to advise whether the appeals submission was complete, whether plaintiff intended to submit more documents, or whether plaintiff had abandoned her appeals.

6.     On December 10, 2007, plaintiff's counsel advised that the plaintiff had not abandoned her appeals, and requested copies of MetLife claims guidelines whether or not they were actually relied upon in making the benefit determination.   The ERISA claims regulation, 29 CFR § 2650-503.1, does not require MetLife to produce during an appeal copies of claims guidelines that were not relied upon in making the determination being appealed.

7.     Since it remained unclear as to whether or not the appeals submission was complete, on December 12, 2007, defendants' counsel requested clarification as to whether or not plaintiff had completed her appeal submission.

8.     On December 14, 2007,  plaintiff's counsel advised that the appeals submissions are not complete, and requested copies of MetLife claims guidelines. Further, plaintiff's counsel made a new request for any and all information concerning MetLife's relationship with Network Medical Review for the years 2002 to the present to be included in the claims files.

9.     On December 21, 2007, defendants' counsel advised plaintiff's counsel that MetLife will produce current claims guidelines concerning the plaintiff's diagnoses subject to the Confidentiality Agreement which was executed by plaintiff's counsel on April 11, 2006. Defendants' counsel advised that it would not include any and all information concerning MetLife's relationship with Network Medical Review in the claims file, because such information is outside the scope of documents that an ERISA claims administrator is required to provide in an appeal pursuant to 29 C.F.R. §2560.503-1; and further, because plaintiff's request would require defendants to engage in extremely time-consuming review and categorization of files for which there is no business purpose and no regulatory requirement.

10.     On December 27, 2007, plaintiff's counsel agreed that the claims guidelines provided by defendants would be treated as confidential pursuant to the Confidentiality Agreement executed on April 11, 2006, with a reservation of right to seek an order from the Court to have them excepted from this categorization.  Plaintiff's counsel also sought all prior versions of claims guidelines, and guidelines of general applicability whether or not the guidelines relate to the claimant's diagnoses.

11.     MetLife has agreed to produce current claims guidelines relating to the plaintiff's diagnoses subject to the Confidentiality Agreement.[1]  MetLife has not agreed to provide guidelines of general applicability that were not used in the underlying review, as they are,

---

[1] MetLife notes that this agreement is made in order to compromise a potential discovery dispute and is not an admission by MetLife that it is necessarily obligated to provide such documents, or to include such documents in the claim file, during the course of an administrative appeal.  It also does not constitute an admission by MetLife that such guidelines are relevant or should be considered in a court's review of an ERISA claim fiduciary's decision.

pursuant to the ERISA claims regulation, outside the scope of documents to be provided to a claimant in an appeal. MetLife has also not agreed to provide prior claims guidelines relating to the plaintiff's diagnoses, because such guidelines are, pursuant to the ERISA claims regulation, outside the scope of documents to be provided to a claimant in an appeal, and because such prior guidelines are completely irrelevant to claims or appeal decisions made, like the decision on plaintiff's administrative appeal will be, after the last date the prior guidelines were effective.

12.    Following production of the current claims guidelines concerning plaintiff's diagnoses, MetLife expects the plaintiff to complete her appeal submission. Once plaintiff has advised that her appeal submission is complete, MetLife will proceed to determine plaintiff's appeal.

Respectfully submitted,
DEFENDANTS,
By their attorneys,


/s/ Constance M. McGrane
James F. Kavanaugh, Jr. (BBO #262360)
Constance M. McGrane (BBO #546745)
CONN KAVANAUGH ROSENTHAL
  PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA  02109
(617) 482-8200

Dated:  December 28, 2007

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by electronic filing on December 28, 2007.
/s/ Constance M. McGrane

«301809.1»

4