**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

-------------------------------------------------------------x
**ALICE KIEFT,**

               **Plaintiff,**

              v.

**AMERICAN EXPRESS COMPANY,**
**AMERICAN EXPRESS COMPANY LONG**
**TERM DISABILITY PLAN, and**
**AMERICAN EXPRESS COMPANY LIFE**
**INSURANCE PLAN,**

               **Defendants.**
-------------------------------------------------------------x

**CIVIL ACTION NO.:**

**04-10949 NMG**

## PLAINTIFF'S FURTHER REPORT ON STATUS

Plaintiff, ALICE KIEFT, by and through her undersigned counsel, pursuant to this Court's order of October 9, 2007, provides the following further report on the status of this case.

1.     This Honorable Court, in its Order of September 14, 2006, remanded Plaintiff's ERISA claims to defendants for "a full and fair review" to include "a written decision in compliance with applicable ERISA regulations" and "administrative appeal proceedings within the regulatory time frame."

2.     On March 30, 2007, MetLife issued its denial of Plaintiff's Long Term Disability ("LTD") claim, and on April 17, 2007, MetLife issued its denial of Plaintiff's claim for life insurance waiver of premiums.

3.     As the claims had been remanded, correspondence concerning each claim was thereafter directed to MetLife's LTD department and life insurance waiver department, respectively, and copies of all such correspondence were simultaneously provided to counsel for defendants.

4.     On September 20, 2007, the Plaintiff forwarded formal requests for a review of

the denial of her LTD and life insurance waiver of premium claim.  These notices specifically requested all documents "relevant" to Ms. Kieft's claims, to include the claims files, plan documents, and according to ERISA regulations, statements of policy or guidance concerning her claims under the plans.

4. On September 26, 2007, the Plaintiff submitted additional medical information in support of the Plaintiff's claims, but specifically reserved her right to comment upon the documents she expected to receive in response to her request of September 20, 2007.

5. MetLife maintains a document entitled "Claims Management Guidelines" which is a statement of policy and/or guidance of general applicability to its group disability insurance policies, and is available for reference by its claims representatives.

6. On October 8, 2007, counsel for Plaintiff had a telephone conference with counsel for defendants during which Plaintiff's request for "relevant" documents, including statements of policy or guidance under the ERISA regulations were reiterated.  Counsel for defendants erroneously believed that portions of MetLife's Claims Management Guidelines had been previously produced in connection with this litigation.

7. After confirming that such a production had not occurred, on October 8, 2007, counsel for Plaintiff sent an e-mail to counsel for defendants, noting the same and again requesting the written policies and guidelines.

8. By letter dated October 12, 2007, MetLife's LTD department responded to Plaintiff's request by providing a copy of the claim file; by letter dated October 17, 2007, MetLife's life insurance waiver department responded by providing a copy of the claim file.  The former letter noted there was no internal rule or guideline "specifically relied upon."

9. To ensure a "full and fair review," ERISA regulations require the claimant be provided with all "relevant" documents, to include any "statement of policy or guidance with respect to the plan concerning the . . . benefit for the claimant's diagnosis, *without regard to whether such advice or statement was relied upon* in making the benefit determination.  29 CFR § 2560.503-1(h)(2)(iii) and (m)(8)(iv) (emphasis added).

10. Plaintiff received no response from counsel for defendant, nor was she provided

the documents within the description of the regulations. Instead, by letter dated November 30, 2007, counsel for defendants wrote requesting whether Plaintiff's appeal submission was complete, or whether she had abandoned her appeals.

11. Thereafter, undersigned counsel for Plaintiff attempted to resolve the dispute over production of the policies and guidelines short of intervention by the Court. Again, ERISA regulations specifically require production of "relevant" documents, which include claims guidelines regardless of whether relied upon in making the determination being appealed. *Compare*, 29 CFR § 2560.503-1(h)(2)(iii) and (m)(8)(iv) with Def's Further Status Report at ¶ 6.

12. As recently as December 27, 2007, and in an attempt to allay any fears of the defendants, Plaintiff's agreed that she would treat any claims guidelines documents produced by defendant as confidential pursuant to the Confidentiality Agreement executed on April 11, 2006. To correct yet another misunderstanding, counsel requested the guidelines currently in effect as well as any prior versions *since the start of Ms. Kieft's disability*. Moreover, counsel requested those guidelines of general applicability to all claimants, but which would also apply to Ms. Kieft's claim, and thus concern the "benefit" for her diagnoses. A copy of the December 27, 2007, letter is annexed hereto as Exhibit A.

13. Following production of the claims guidelines required by ERISA's regulations, Plaintiff will be able to submit her additional issues and comments for a final decision.

Respectfully submitted,

Dated: Haverhill, MA
December 31, 2007

PLAINTIFF
By her attorney,

LAW OFFICE OF
STEPHEN L. RAYMOND, ESQ.

By: */s/ Stephen L. Raymond*
Stephen L. Raymond
3 Washington Square, Ste. 206
Haverhill, MA  01830
(978) 372-6590

                                                  BBO #567753

### CERTIFICATE OF SERVICE

I, Stephen L. Raymond, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: December 31, 2007                              /s/ *Stephen L. Raymond*
                                                            Stephen L. Raymond, Esq.

**EXHIBIT  A**

LAW OFFICE OF
# STEPHEN L. RAYMOND, ESQ.
SUITE 206
3 WASHINGTON SQUARE
HAVERHILL, MASSACHUSETTS 01830

*ALSO ADMITTED
IN NEW YORK

(978) 372-6590
FAX (978) 372-6596

December 27, 2007

**By Facsimile Transmission**
Constance M. McGrane, Esq.
CONN KAVANAUGH ROSENTHAL
PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109

   Re: Alice Kieft v. American Express Company, et al.
     Civ. No.:  04-10949 NMG

Dear Ms. McGrane:

  I now write in response to your letter of December 21, 2007. We will agree that the documents produced in response to our request for guidelines, etc., be treated as "confidential" under the agreement executed on April 11, 2006, with the reservation of our right, if necessary, to seek an appropriate order from the Court at a later time to have them excepted from this categorization.

  On a related note, please include both the "current claims guidelines" as well as all prior versions, to include all amendments since the start of Ms. Kieft's claimed disability (October, 2002). In addition, as the regulation defines as "relevant" any "statement of policy or guidance with respect to the plan concerning the . . . benefit for the claimant's diagnosis," the guidelines produced should not be limited merely to those discrete statements which speak to Fibromyalgia, Rheumatoid Arthritis, Psoriatic Arthritis, Osteoarthritis, and Depression, but should also include those guidelines of general applicability to all claimants (e.g.: those that describe how a claim should be processed generally; or those that specify how claims with allegations of pain should be processed, etc.). 29 C.F.R. §2560.503-1(m)(8)(iv). These latter examples, while not specifically addressed to Ms. Kieft's diagnoses would nonetheless apply to her claim, and thus still concern the "benefit" for her diagnoses.

  Please feel free to call with any questions.

            Very truly yours,

            Stephen L. Raymond