```
                    United States District Court
                      District of Massachusetts
_____
                              )
Alice Kieft                   )
        Plaintiff,            )
                              )
        v.                    )    Civil Action No.
                              )    04-10949-NMG
American Express Co. et al.,  )
        Defendants.           )
_____)
```

## ORDER

**GORTON, J.**

The Court understands that the plaintiff has notified the defendants of her intention to appeal their denial of her claim but that that appeal has not yet been perfected.  Apparently, there is a persistent dispute over disclosure of certain "guidelines", pursuant to 29 C.F.R. § 2560.503-1, that may or may not be "relevant to" and/or "relied upon" in connection with plaintiff's claim.  MetLife has, within the past week, produced certain documents in response to plaintiff's request but the plaintiff has not yet determined whether they are sufficient for her to perfect her appeal.

The Court's patience is exhausted.  This case has been pending since May, 2004, and will be dismissed without prejudice pursuant to the following plan for resolution:

1.   On or before February 29, 2008, MetLife will make a final
     determination of what documents it will produce, and produce
     those documents to the plaintiff.  The Court makes no
     determination with respect to what documents must be

-1-

      provided and what may be withheld.  If MetLife withholds documents that this Court later determines should have been produced under the requirements of ERISA, that conduct will be carefully evaluated when the Court determines whether MetLife has acted in an "arbitrary and capricious" manner.

2. On or before March 14, 2008, the plaintiff will perfect her administrative appeal based upon the documents and/or guidelines then in her possession.

3. On or before March 31, 2008, this Court will dismiss this action without prejudice in the hope and expectation that the administrative appellate process will resolve the case.

4. On or before April 30, 2008, MetLife will evaluate plaintiff's appeal and render a written decision, in default of which the plaintiff may deem the appeal to have been denied by administrative inaction.

5. If MetLife has denied plaintiff's appeal by written decision or inaction, plaintiff may, on or before May 15, 2008, submit and perfect her second-level administrative appeal to the Employee Benefits Administrator at American Express Co. ("AmEx"), in default of which her appeal will be deemed abandoned.

6. On or before June 30, 2008, AmEx will evaluate plaintiff's second-level appeal and render a written decision, in default of which plaintiff may deem the second-level appeal to have been denied by administrative inaction.

7. If plaintiff's appeals are denied by written decision or inaction and she believes, in good faith, that she has grounds for review by this Court, she may, on or before July 15, 2008, move to reopen this case and, if the Court concurs, the case will be reopened without payment of a filing fee and the matter will be scheduled for trial to begin no later than September 15, 2008.

**So ordered.**

                                          /s/Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated February 15, 2008